FILED
2014 Feb-12  AM 11:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF ALABAMA
#### SOUTHERN DIVISION

| | |
|---|---|
| **Jeremiha Glaster, individually and on behalf of similarly situated employees,** ) ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) ) | Case No.: |
| **ELCO Landmark Residential Management, LLC,** ) ) | |
| **Defendant.** ) | |

### COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

### I.  JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(k) and 28 U.S.C. § 2201 and 2202, 29 USCA § 206, 207, 216, et seq., 29 U.S.C. § 1132 and by the provisions of 28 USCA § 1337, relating to any civil action or proceeding arising under any Act of Congress regulating commerce.

2. This is a suit authorized and instituted pursuant to the provisions of the Fair Labor Standards Act and jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by the Fair Labor Standards Act for injunctive and other compensatory relief.

3. The Defendant owns three separate properties located in Jefferson and Shelby County, Alabama and the Plaintiff was an employee of the Defendant. Venue is proper in the Southern Division of the Northern District Court of Alabama.

### II. PARTIES

4. Jeremiha Glaster (hereinafter "Plaintiff" or "Glaster") is an adult of the United States and at all times relevant to the Complaint when he worked for the Defendant, he was as resident of Alabama.

5. Glaster is filing this suit individually and on behalf of similarly situated current and/or past employees of the Defendant.

6. Defendant ELCO Landmark Residential Management, LLC (hereinafter "Defendant" or "Landmark") is engaged in a business affecting commerce, owns and manages three separate apartment properties, and is a corporation doing business in Jefferson County and Shelby County, Alabama.

### III. FACTS

7. Glaster adopts and realleges the averments in the preceding paragraphs as if fully set out herein.

8. The Defendant owns and manages three separate apartment complexes in Alabama: Magnolia Glen, Deerfield and Lancaster Place.

9. Glaster worked as an hourly employee at the Defendant's Magnolia Glen location from approximately August 2011 through August of 2012.

10. The Defendant purchased the Magnolia Glen property on or about February 2011.

11. During the course of his employment, Glaster and other similarly situated employees worked in excess of forty (40) hours per week and the Defendant did not pay Glaster and other similarly situated employees overtime wages for all hours worked in excess of forty hours pursuant to the FLSA.

12. The Defendant's property managers would delete and/or alter the times records for Glaster and other similarly situated employees and would also pay Glaster and other employees "paid time off" (PTO) time for hours worked in which the employees should have received overtime pay.

13. Based on the actions of its employees, the Defendant willfully failed to pay overtime wages to Glaster and similarly situated employees.

14. Plaintiff and/or other similarly situated employees complained to the Magnolia Glen property manager, Natalie Potter, and other management level employees of the Defendant about not

        being paid overtime and he and other similarly situated employees were retaliated against by Potter by having his job constantly threatened.

15. In addition to the foregoing, the Defendant implemented a bonus/performance policy for Glaster and other similarly situated employees but failed to pay Glaster and other employees the earned bonuses.

## IV: STATEMENT OF CLAIMS

### Count I: Fair Labor Standards Act and Retaliation

16. Glaster adopts and realleges the averments in the preceding paragraphs as if fully set forth herein.

17. Glaster and other similarly situated employees worked in excess of forty (40) hours per week and the Defendant did not pay Glaster and other employees all overtime wages due pursuant to the FLSA.

18. Based upon information and belief, the Defendant had a corporate policy in which local property managers were rewarded by bonuses and other pay incentives to keep down labor costs.

19. The corporate policy disapproved of its employees working overtime and the local property managers in Alabama would have to get overtime approved by the corporate office.

20. Glaster's property managers at the Magnolia Glen location would require Glaster and other similarly situated employees to work in excess of 40 hours per week and, prior to submitting the employee pay records to the corporate office for payroll processing, the managers would change, delete and/or alter employee time records to avoid paying overtime pay.

21. Glaster and other employees were was paid on a bi-monthly basis and the Defendant utilized a "work week" for FLSA purposes as starting on Saturday and ending on Friday.

22. On many occasions, Glaster and other similarly situated employees were required to work in excess of forty (40)  and were not been paid overtime.  Rather, the Defendant's property

managers implemented a scheme in which the time was deleted, PTO time was substituted and/or Glaster and other employees would receive "comp time" (time off from work without pay) the following work week.

23. The Defendant's "comp time" policy and the actions of its managers in deleting and/or changing its employees times, as described above, constitutes a willful violation of the FLSA and the Defendant owes Glaster and other similarly situated employees overtime pay for the hours worked in excess of forty (40) hours for which he was not paid.

24. Glaster and other employees would complain to the property manager(s) and/or other management employees of the Defendant about not being paid overtime and Glaster and other similarly situated employees were retaliated against for making said complaints in violation of the FLSA.

25. The previous property manager, Natalie Potter, would threaten the Plaintiff's and other employees' jobs because of complaints made to the corporate level.

26. In addition to the actions of its local property managers, when many of the Defendant's employees would contact the corporate office, their complaints were ignored and not addressed by the Human Resources Director.

27. Based on the foregoing, the actions and inactions of the Defendant, by and through its employees, were willful and not in good faith.

### Counts II and III: State Law Claims for Breach of Contract and Fraud

28. Glaster adopts and realleges the averments in the preceding paragraphs as if fully set forth herein.

29. Glaster was paid an hourly wage and the Defendant agreed to pay the Plaintiff for the hours spent working for the Defendant.

30. During the course of his employment, Glaster worked in excess of forty (40) hours per week.

31. On many occasions, the previous property manager at Magnolia Glen, Natalie Potter, would promise to pay Glaster and similarly situated employees overtime.

32. However, after Glaster and other employees would work in excess of forty (40) hours, Potter would delete and/or change the time records of Glaster and other employees.

33. The Defendant breached its contract and agreement with Glaster and other employees when the Defendant did not pay Glaster and other similarly situated employees for the time they worked and for labor performed.

34. The Defendant also promised Glaster and other similarly situated employees performance bonuses and did not pay Glaster and other employees as promised.

35. Potter and other management level employees of the Defendant made numerous representations to Glaster and other employees which were false.

36. Said representations were false and Potter and other management level employees knew they were false when the representations were made.

37. Glaster and other employees believed and reasonably and justifiably relied upon the representations of the Defendant's management level employees to his/their detriment by working in excess of forty (40) hours and performing work for the Defendant.

38. As a proximate result of the fraud, Glaster and other employees were caused to work for free and were not compensated for their time or performance pay.

39. The Defendant is responsible for the actions and inactions of Potter and its other management level employees under the theory of respondeat superior and vicarious liability.

40. Glaster and similarly situated employees claim punitive damages against the Defendant because of the intentional and willful nature of the misrepresentations.

## V.  PRAYER FOR RELIEF

WHEREFORE, Glaster respectfully requests that the Court assume jurisdiction of this case and award the following relief to Glaster and similarly situated employees:

A. Grant Plaintiff an order requiring Defendant to make Plaintiff whole by granting any and all relief available under federal and state law whether specifically pled herein, including, but not limited to: appropriate declaratory relief, back pay, compensatory damages, liquidated damages, consequential damages, punitive damages, etc.;

B. Grant Plaintiff a permanent injunction enjoining Defendant, their agents, successors, employees, attorneys and those acting in concert with Defendant from continuing to violate the FLSA;

C. Grant Plaintiff's attorney fees, costs and expenses;

D. Certify Glaster's state law claims as a class action;

E. Certify Glaster's FLSA claims as a collective action under the FLSA; and

F. Plaintiff prays for such other, further or different relief as justice may require and/or which he is entitled to under either federal and/or state law whether specifically pled or not.

**PLAINTIFFS DEMAND A TRIAL BY A STRUCK JURY**

/s/ M. Scott Harwell
M. Scott Harwell (HAR)
Attorney for the Plaintiff Jeremiha Glaster

**OF COUNSEL:**
HARWELL LAW FIRM LLC
1063 Narrows Way, Suite A
Birmingham, AL 35242
(205) 980-1445
(205)408-1226
Scott@HarwellLaw.com

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL**

ELCO Landmark Residential Management LLC
c/o Registered Agent
3505 E Frontage Road, Suite 150
Tampa, FL 33607