FILED
2015 Mar-16 PM 01:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (referred to herein as "the Agreement") is made by and between Yahaira Rodriguez ("Rodriguez") and ELCO Landmark Residential Management, LLC, Landmark Apartment Trust, Inc., and any of their affiliates, subsidiaries, agents, owners, directors, officers, attorneys, members, managers, partners, employees, predecessors, parents, contractors, clients, and related firms, corporations, partnerships, insurers, or business entities (individually or collectively), as applicable, ("ELCO"). Rodriguez enters into this Agreement on behalf of herself her spouse, heirs, successors, assigns, executors, and representatives of any kind, if any. This Agreement is being entered into to completely and finally resolve all claims, disputes, and disagreements of any kind between Rodriguez and ELCO. Therefore, in consideration of the terms, conditions and provisions contained in this Agreement, the parties agree and acknowledge as follows:

1. The purpose of this Settlement Agreement is to settle and resolve any and all claims arising out of or in any way related to Rodriguez's employment with ELCO, including but not limited to all claims for unpaid wages, overtime, liquidated damages, compensatory or punitive damages, or any other relief which were or could have been pursued in the action captioned *Glaster, et al. v. ELCO Landmark Residential Management, LLC*, filed in the U.S. District Court for the Northern District of Alabama, Case No. 2:14-cv-00245-MHH ("the lawsuit"), or which were, might or could have been asserted in any court, before any administrative agency or before any arbitrator, regarding any term or condition of Rodriguez's employment by ELCO.

2. The parties agree that by entering into this Settlement Agreement, no party admits any liability or wrongdoing. ELCO expressly denies any liability or wrongdoing.

3. In exchange for the promises and commitments expressed herein, Rodriguez agrees:

1

      (a)    to waive, release, and forever resolve any and all claims, demands or causes of action that Rodriguez has or might have against ELCO from her date of hire with ELCO through the date of execution of this agreement including, without limitation, any and all claims, demands or causes of action for back pay, unpaid wages, reimbursement of expenses, employment benefits, liquidated damages, compensatory damages, punitive damages, statutory penalties, attorneys' fees and costs, and including, but not limited to, all claims, demands or causes of action arising under Alabama state law; Title VII of the Civil Rights Act of 1964; the Americans with Disabilities Act; Executive Order 11246; the Rehabilitation Act of 1973; the Civil Rights Act of 1991; the Civil Rights Reconstruction Era Acts (including but not limited to 42 U.S.C. §§ 1981 and 1985); state and federal family and medical leave laws, including the Family and Medical Leave Act; the Consolidated Omnibus Budget Reconciliation Act (COBRA); the Equal Pay Act; the Fair Labor Standards Act; the National Labor Relations Act; all as amended, and any laws that provide for payment of attorneys' fees, costs, expenses or punitive, exemplary or statutory damages; any amendments to any of the foregoing; and any other federal, state, or local statute, regulation, ordinance, or common law, including without limitation any law related to discrimination, terms and conditions of employment, or termination of employment, to the full extent that such a release is allowed by law;

      (b)    to seek the Court's approval of this Agreement;

      (c)    that upon payment of the amounts agreed to herein, she will have been paid properly and fully for all hours worked as of the effective date of this Agreement, and any liquidated damages which arguably might have been due; and

      (d)    to withdraw her motion for leave to amend the complaint filed in the lawsuit, cease all efforts to join or opt in to the lawsuit, as part of a collective action or otherwise, and dismiss, with prejudice and without costs or attorneys' fees to either party (except as already

provided in this Agreement), the claims, if any, she asserts in U.S. District Court for the Northern District of Alabama, Case No. 2:14-cv-00245-MHH, and agrees to promptly take any and all action necessary to obtain the dismissal of such claims. Rodriguez also agrees to withdraw any other currently pending charges or administrative complaints against ELCO. Rodriguez represents that, except for the claims sought to be asserted in the lawsuit, she has not filed or joined in any lawsuits or judicial proceedings of any kind that are currently pending against ELCO.

      4.    Rodriguez represents that, except for the claims she sought to bring in the lawsuit, she has not filed any lawsuit or initiated any proceeding against ELCO. Rodriguez further promises never to file, pursue, initiate, or joint in any complaints, lawsuits, or proceedings of any kind asserting any claims that are released in this Agreement, and agrees not to permit anyone else to do so on her behalf. If Rodriguez breaks this promise and files, pursues, initiates, or joins in any complaint, lawsuit or proceeding based on any claim that she has released in this Agreement, Rodriguez will pay for all costs incurred by ELCO in defending against her claims, including reasonable attorneys' fees. The parties explicitly acknowledge and agree that nothing in this paragraph will be construed to prevent Rodriguez from testifying in response to a lawfully served subpoena, filing a charge with the Equal Employment Opportunity Commission, or otherwise cooperating with any state or federal agency. However, this Agreement does prohibit Rodriguez from obtaining any personal or monetary relief for herself based on such a filing or such cooperation. The Agreement also prohibits Rodriguez from obtaining any personal or monetary relief for herself in any lawsuit in court or in any other proceeding of any kind instituted by Rodriguez (or by anyone else on Rodriguez's behalf) against ELCO to the extent that such lawsuit or proceeding is based upon events or conduct occurring on or prior to the date on which Rodriguez signs this Agreement.

NR

5. Rodriguez represents that she has not disclosed the fact, terms, or amount of this Agreement to anyone other than her lawyer(s), spouse, or tax advisor prior to signing this Agreement. Rodriguez further agrees to keep the fact, terms, and amount of this Agreement completely confidential, and that, except as required by law, she will not disclose any information concerning this Agreement to anyone other than her lawyer(s), her spouse, and tax advisor(s), who will be informed of and bound by this confidentiality clause. If Rodriguez breaches this confidentiality provision, she will be liable to ELCO for liquidated damages in the amount of ▮▮▮ ▮▮▮▮▮▮▮▮▮▮ for each breach proven in a court of competent jurisdiction. The prevailing party in an action for liquidated damages will be entitled to recover from the other party the fees and costs incurred in pursuing the action.

6. In exchange for the promises and commitments expressed herein, including those expressed in paragraphs 3, 4 and 5 above, ELCO agrees to pay Rodriguez the total sum of ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in full settlement of all claims which are or could have been brought by her, including attorney's fees and costs. The settlement proceeds are to be disbursed by checks made payable as follows:

   (a) a check to Rodriguez in the amount of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ less applicable withholdings, for her alleged wage loss;

   (b) a check to Rodriguez in the amount of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as consideration for her alleged non-wage-based damages and for the confidentiality and no-rehire provisions of the settlement; and

   (c) a check to the Harwell Law Firm in the amount of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for Rodriguez's attorney's fees and expenses.

The checks described in this paragraph will be issued within seven (7) days after: (i) the Court approves this Settlement Agreement and General Release, and (ii) counsel for ELCO has

ᵧR

received from Rodriguez completed tax forms necessary for processing payment, whichever date is later. ELCO will issue an IRS Form W-2 for the amount paid in paragraph 6(a). ELCO will issue appropriate IRS Forms 1099 for the amounts paid in paragraphs 6(b) to Rodriguez and 6(c) to the Harwell Law Firm LLC.

7. It is further agreed that no taxes will be withheld from the amounts set forth in paragraphs 6(b) and 6(c) and that ELCO has no responsibility to pay any taxes that may be due as a result of the payments made under those paragraphs, which shall be the sole responsibility of Rodriguez and/or her attorney. Rodriguez agrees to indemnify and hold ELCO harmless from any claims that may be asserted against ELCO based on the failure to withhold taxes or social security contributions, including the payment of ELCO's attorney's fees and costs, assuming any such action.

8. Rodriguez releases and waives any right or claim to employment or reinstatement of her employment with ELCO. Rodriguez acknowledges and agrees that her employment with ELCO has ceased irrevocably and forever and will not be resumed again at any time in the future. Accordingly, Rodriguez promises to never reapply for or seek future employment with ELCO.

9. ELCO agrees to provide a neutral job reference consisting only of last position held and dates of employment for Rodriguez in response to requests for references directed to Laura Wood, SVP, Director of Human Resources, ███████████████.

10. Rodriguez and her attorney warrant that Rodriguez is not a Medicare beneficiary as of the date of this Agreement, and therefore no conditional payments have been made by Medicare.

11. Rodriguez agrees that the covenants and promises made by her in this Agreement are in consideration for the covenants and promises made herein by ELCO. Rodriguez agrees and acknowledges that this Agreement and the payments described in paragraph 6 above are subject

5

to and conditioned upon the approval of the United States District Court for the Northern District of Alabama.

12. This Agreement shall be construed and governed in accordance with the laws of the State of Alabama.

13. Rodriguez agrees that this Agreement supercedes all prior agreements between Rodriguez and ELCO.

14. The Parties hereby acknowledge that their attorneys have participated in the preparation of this Settlement Agreement and Release. Rodriguez further acknowledges that she has had a reasonable and fully adequate period of time in which to consider the Agreement and being duly advised by her counsel, hereby freely and voluntarily enters into this Settlement Agreement as evidenced by her signature on the date shown below.

_____   Date: 1/15/15
Yahaira Rodriguez

Counsel for Plaintiff hereby agrees as to form and content.

_____   Date: 1/21/15
Harwell Law Firm LLC
By: Scott Harwell / Owner

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (referred to herein as "the Agreement") is made by and between Jeremiha Glaster ("Glaster") and ELCO Landmark Residential Management, LLC, Landmark Apartment Trust, Inc., and any of their affiliates, subsidiaries, agents, owners, directors, officers, attorneys, members, managers, partners, employees, predecessors, parents, contractors, clients, and related firms, corporations, partnerships, insurers, or business entities (individually or collectively), as applicable, ("ELCO"). Glaster enters into this Agreement on behalf of himself, his spouse, heirs, successors, assigns, executors, and representatives of any kind, if any. This Agreement is being entered into to completely and finally resolve all claims, disputes, and disagreements of any kind between Glaster and ELCO. Therefore, in consideration of the terms, conditions and provisions contained in this Agreement, the parties agree and acknowledge as follows:

1. The purpose of this Settlement Agreement is to settle and resolve any and all claims arising out of or in any way related to Glaster's employment with ELCO, including but not limited to all claims for unpaid wages, overtime, liquidated damages, compensatory or punitive damages, or any other relief which were or could have been pursued in the action captioned Glaster, *et al. v. ELCO Landmark Residential Management, LLC*, filed in the U.S. District Court for the Northern District of Alabama, Case No. 2:14-cv-00245-MHH ("the lawsuit"), or which were, might or could have been asserted in any court, before any administrative agency or before any arbitrator, regarding any term or condition of Glaster's employment by ELCO.

2. The parties agree that by entering into this Settlement Agreement, no party admits any liability or wrongdoing. ELCO expressly denies any liability or wrongdoing.

3. In exchange for the promises and commitments expressed herein, Glaster agrees:

1

(a) to waive, release, and forever resolve any and all claims, demands or causes of action that Glaster has or might have against ELCO from his date of hire with ELCO through the date of execution of this agreement including, without limitation, any and all claims, demands or causes of action for back pay, unpaid wages, reimbursement of expenses, employment benefits, liquidated damages, compensatory damages, punitive damages, statutory penalties, attorneys' fees and costs, and including, but not limited to, all claims, demands or causes of action arising under Alabama state law; Title VII of the Civil Rights Act of 1964; the Americans with Disabilities Act; Executive Order 11246; the Rehabilitation Act of 1973; the Civil Rights Act of 1991; the Civil Rights Reconstruction Era Acts (including but not limited to 42 U.S.C. §§ 1981 and 1985); state and federal family and medical leave laws, including the Family and Medical Leave Act; the Consolidated Omnibus Budget Reconciliation Act (COBRA); the Equal Pay Act; the Fair Labor Standards Act; the National Labor Relations Act; all as amended, and any laws that provide for payment of attorneys' fees, costs, expenses or punitive, exemplary or statutory damages; any amendments to any of the foregoing; and any other federal, state, or local statute, regulation, ordinance, or common law, including without limitation any law related to discrimination, terms and conditions of employment, or termination of employment, to the full extent that such a release is allowed by law;

(b) to seek the Court's approval of this Agreement;

(c) that upon payment of the amounts agreed to herein, he will have been paid properly and fully for all hours worked as of the effective date of this Agreement, and any liquidated damages which arguably might have been due; and

(d) to withdraw his motion for leave to amend the complaint filed in the lawsuit, cease all efforts to join or opt in to the lawsuit, as part of a collective action or otherwise, and dismiss, with prejudice and without costs or attorneys' fees to either party (except as already

2

provided in this Agreement), the claims, if any, he asserts in U.S. District Court for the Northern District of Alabama, Case No. 2:14-cv-00245-MHH, and agrees to promptly take any and all action necessary to obtain the dismissal of such claims. Glaster also agrees to withdraw any other currently pending charges or administrative complaints against ELCO. Glaster represents that, except for the claims sought to be asserted in the lawsuit, he has not filed or joined in any lawsuits or judicial proceedings of any kind that are currently pending against ELCO.

4. Glaster represents that, except for the claims he sought to bring in the lawsuit, he has not filed any lawsuit or initiated any proceeding against ELCO. Glaster further promises never to file, pursue, initiate, or join in any complaints, lawsuits, or proceedings of any kind asserting any claims that are released in this Agreement, and agrees not to permit anyone else to do so on his behalf. If Glaster breaks this promise and files, pursues, initiates, or joins in any complaint, lawsuit or proceeding based on any claim that he has released in this Agreement, Glaster will pay for all costs incurred by ELCO in defending against his claims, including reasonable attorneys' fees. The parties explicitly acknowledge and agree that nothing in this paragraph will be construed to prevent Glaster from testifying in response to a lawfully served subpoena, filing a charge with the Equal Employment Opportunity Commission, or otherwise cooperating with any state or federal agency. However, this Agreement does prohibit Glaster from obtaining any personal or monetary relief for himself based on such a filing or such cooperation. The Agreement also prohibits Glaster from obtaining any personal or monetary relief for himself in any lawsuit in court or in any other proceeding of any kind instituted by Glaster (or by anyone else on Glaster's behalf) against ELCO to the extent that such lawsuit or proceeding is based upon events or conduct occurring on or prior to the date on which Glaster signs this Agreement.

5. Glaster represents that he has not disclosed the fact, terms, or amount of this Agreement to anyone other than his lawyer(s), spouse, or tax advisor prior to signing this

3

Agreement. Glaster further agrees to keep the fact, terms, and amount of this Agreement completely confidential, and that, except as required by law, he will not disclose any information concerning this Agreement to anyone other than his lawyer(s), his spouse, and tax advisor(s), who will be informed of and bound by this confidentiality clause. If Glaster breaches this confidentiality provision, he will be liable to ELCO for liquidated damages in the amount of ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ for each breach proven in a court of competent jurisdiction. The prevailing party in an action for liquidated damages will be entitled to recover from the other party the fees and costs incurred in pursuing the action.

6. In exchange for the promises and commitments expressed herein, including those expressed in paragraphs 3, 4 and 5 above, ELCO agrees to pay Glaster the total sum of ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in full settlement of all claims which are or could have been brought by him, including attorney's fees and costs. The settlement proceeds are to be disbursed by checks made payable as follows:



(a) a check to Glaster in the amount of ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ less applicable withholdings, for his alleged wage loss;

(b) a check to Glaster in the amount of ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ as consideration for his alleged non-wage-based damages and for the confidentiality and no-rehire provisions of the settlement; and

(c) a check to the Harwell Law Firm LLC in the amount of ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ for Glaster's attorney's fees and case expenses.

The checks described in this paragraph will be issued within seven (7) days after: (i) the Court approves this Settlement Agreement and General Release, and (ii) counsel for ELCO has received from Glaster completed tax forms necessary for processing payment, whichever date is later. ELCO will issue an IRS Form W-2 for the amount paid in paragraph 6(a). ELCO will issue

4

appropriate IRS Forms 1099 for the amounts paid in paragraphs 6(b) to Glaster and 6(c) to the Harwell Law Firm LLC.

7. It is further agreed that no taxes will be withheld from the amounts set forth in paragraphs 6(b) and 6(c) and that ELCO has no responsibility to pay any taxes that may be due as a result of the payments made under those paragraphs, which shall be the sole responsibility of Glaster and/or his attorney. Glaster agrees to indemnify and hold ELCO harmless from any claims that may be asserted against ELCO based on the failure to withhold taxes or social security contributions, including the payment of ELCO's attorney's fees and costs, assuming any such action.

8. Glaster releases and waives any right or claim to employment or reinstatement of his employment with ELCO. Glaster acknowledges and agrees that his employment with ELCO has ceased irrevocably and forever and will not be resumed again at any time in the future. Accordingly, Glaster promises to never reapply for or seek future employment with ELCO.

9. ELCO agrees to provide a neutral job reference consisting only of last position held and dates of employment for Glaster in response to requests for references directed to Laura Wood, SVP, Director of Human Resources, ▮▮▮▮▮▮▮▮▮▮.

10. Glaster and his attorney warrant that Glaster is not a Medicare beneficiary as of the date of this Agreement, and therefore no conditional payments have been made by Medicare.

11. Glaster agrees that the covenants and promises made by him in this Agreement are in consideration for the covenants and promises made herein by ELCO. Glaster agrees and acknowledges that this Agreement and the payments described in paragraph 6 above are subject to and conditioned upon the approval of the United States District Court for the Northern District of Alabama.

12. This Agreement shall be construed and governed in accordance with the laws of the State of Alabama.

13. Glaster agrees that this Agreement supercedes all prior agreements between Glaster and ELCO.

14. The Parties hereby acknowledge that their attorneys have participated in the preparation of this Settlement Agreement and Release. Glaster further acknowledges that he has had a reasonable and fully adequate period of time in which to consider the Agreement and *being duly advised by his counsel,* hereby freely and voluntarily enters into this Settlement Agreement as evidenced by his signature on the date shown below.

_[signature]_　　　　　　　　　　　　　　　Date: 1-14-15
Jeremiha Glaster

Counsel for Plaintiff hereby agrees as to form and content.

_[signature]_　　　　　　　　　　　　　　　Date: 1-21-15
Harwell Law Firm LLC
By: Scott Harwell/Owner

6

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (referred to herein as "the Agreement") is made by and between Rodarryl Oden ("Oden") and ELCO Landmark Residential Management, LLC, Landmark Apartment Trust, Inc., and any of their affiliates, subsidiaries, agents, owners, directors, officers, attorneys, members, managers, partners, employees, predecessors, parents, contractors, clients, and related firms, corporations, partnerships, insurers, or business entities (individually and collectively), as applicable, ("ELCO"). **Oden enters into this Agreement on behalf of himself, his spouse, heirs, successors, assigns, executors, and representatives of any kind, if any.** This Agreement is being entered into to completely and finally resolve all claims, disputes, and disagreements of any kind between Oden and ELCO. Therefore, in consideration of the terms, conditions and provisions contained in this Agreement, the parties agree and acknowledge as follows:

1. The purpose of this Settlement Agreement is to settle and resolve any and all claims arising out of or in any way related to Oden's employment with ELCO, including but not limited to all claims for unpaid wages, overtime, liquidated damages, compensatory or punitive damages, or any other relief which were or could have been pursued in the action captioned Glaster, *et al. v. ELCO Landmark Residential Management, LLC*, filed in the U.S. District Court for the Northern District of Alabama, Case No. 2:14-cv-00245-MHH ("the lawsuit""), or which were, might or could have been asserted in any court, before any administrative agency or before any arbitrator, regarding any term or condition of Oden's employment by ELCO.

2. The parties agree that by entering into this Settlement Agreement, no party admits any liability or wrongdoing. ELCO expressly denies any liability or wrongdoing.

3. In exchange for the promises and commitments expressed herein, Oden agrees:

1

(a)  to waive, release, and forever resolve any and all claims, demands or causes of action that Oden has or might have against ELCO from his date of hire with ELCO through the date of execution of this agreement including, without limitation, any and all claims, demands or causes of action for back pay, unpaid wages, reimbursement of expenses, employment benefits, liquidated damages, compensatory damages, punitive damages, statutory penalties, attorneys' fees and costs, and including, but not limited to, all claims, demands or causes of action arising under Alabama state law; Title VII of the Civil Rights Act of 1964; the Americans with Disabilities Act; Executive Order 11246; the Rehabilitation Act of 1973; the Civil Rights Act of 1991; the Civil Rights Reconstruction Era Acts (including but not limited to 42 U.S.C. §§ 1981 and 1985); state and federal family and medical leave laws, including the Family and Medical Leave Act; the Consolidated Omnibus Budget Reconciliation Act (COBRA); the Equal Pay Act; the Fair Labor Standards Act; the National Labor Relations Act; all as amended, and any laws that provide for payment of attorneys' fees, costs, expenses or punitive, exemplary or statutory damages; any amendments to any of the foregoing; and any other federal, state, or local statute, regulation, ordinance, or common law, including without limitation any law related to discrimination, terms and conditions of employment, or termination of employment, to the full extent that such a release is allowed by law;

(b)  to seek the Court's approval of this Agreement;

(c)  that upon payment of the amounts agreed to herein, he will have been paid properly and fully for all hours worked as of the effective date of this Agreement, and any liquidated damages which arguably might have been due; and

(d)  to withdraw his motion for leave to amend the complaint filed in the lawsuit, cease all efforts to join or opt in to the lawsuit, as part of a collective action or otherwise, and dismiss, with prejudice and without costs or attorneys' fees to either party (except as already

provided in this Agreement), the claims, if any, he asserts in U.S. District Court for the Northern District of Alabama, Case No. 2:14-cv-00245-MHH, and agrees to promptly take any and all action necessary to obtain the dismissal of such claims. Oden also agrees to withdraw any other currently pending charges or administrative complaints against ELCO. Oden represents that, except for the claims sought to be asserted in the lawsuit, he has not filed or joined in any lawsuits or judicial proceedings of any kind that are currently pending against ELCO.

4. Oden represents that, except for the claims he sought to bring in the lawsuit, he has not filed any lawsuit or initiated any proceeding against ELCO. Oden further promises never to file, pursue, initiate, or join in any complaints, lawsuits, or proceedings of any kind asserting any claims that are released in this Agreement, and agrees not to permit anyone else to do so on his behalf. If Oden breaks this promise and files, pursues, initiates, or joins in any complaint, lawsuit or proceeding based on any claim that he has released in this Agreement, Oden will pay for all costs incurred by ELCO in defending against his claims, including reasonable attorneys' fees. The parties explicitly acknowledge and agree that nothing in this paragraph will be construed to prevent Oden from testifying in response to a lawfully served subpoena, filing a charge with the Equal Employment Opportunity Commission, or otherwise cooperating with any state or federal agency. However, this Agreement does prohibit Oden from obtaining any personal or monetary relief for himself based on such a filing or such cooperation. The Agreement also prohibits Oden from obtaining any personal or monetary relief for himself in any lawsuit in court or in any other proceeding of any kind instituted by Oden (or by anyone else on Oden's behalf) against ELCO to the extent that such lawsuit or proceeding is based upon events or conduct occurring on or prior to the date on which Oden signs this Agreement.

5. Oden represents that he has not disclosed the fact, terms, or amount of this Agreement to anyone other than his lawyer(s), spouse, or tax advisor prior to signing this

Agreement. Oden further agrees to keep the fact, terms, and amount of this Agreement completely confidential, and that, except as required by law, he will not disclose any information concerning this Agreement to anyone other than his lawyer(s), his spouse, and tax advisor(s), who will be informed of and bound by this confidentiality clause. If Oden breaches this confidentiality provision, he will be liable to ELCO for liquidated damages in the amount of ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇ for each breach proven in a court of competent jurisdiction. The prevailing party in an action for liquidated damages will be entitled to recover from the other party the fees and costs incurred in pursuing the action.

  6. In exchange for the promises and commitments expressed herein, including those expressed in paragraphs 3, 4 and 5 above, ELCO agrees to pay Oden the total sum of ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ in full settlement of all claims which are or could have been brought by him, including attorney's fees and costs. The settlement proceeds are to be disbursed by checks made payable as follows:

    (a) a check to Oden in the amount of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ less applicable withholdings, for his alleged wage loss;

    (b) a check to Oden in the amount of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇ as consideration for his alleged non-wage-based damages and for the confidentiality and no-rehire provisions of the settlement; and

    (c) a check to the Harwell Law Firm in the amount of ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ for Oden's attorney's fees and expenses.

The checks described in this paragraph will be issued within seven (7) days after: (i) the Court approves this Settlement Agreement and General Release, and (ii) counsel for ELCO has received from Oden completed tax forms necessary for processing payment, whichever date is later. ELCO will issue an IRS Form W-2 for the amount paid in paragraph 6(a). ELCO will issue

appropriate IRS Forms 1099 for the amounts paid in paragraphs 6(b) to Oden and 6(c) to the Harwell Law Firm LLC.

7. It is further agreed that no taxes will be withheld from the amounts set forth in paragraphs 6(b) and 6(c) and that ELCO has no responsibility to pay any taxes that may be due as a result of the payments made under those paragraphs, which shall be the sole responsibility of Oden and/or his attorney. Oden agrees to indemnify and hold ELCO harmless from any claims that may be asserted against ELCO based on the failure to withhold taxes or social security contributions, including the payment of ELCO's attorney's fees and costs, assuming any such action.

8. Oden releases and waives any right or claim to employment or reinstatement of his employment with ELCO. Oden acknowledges and agrees that his employment with ELCO has ceased irrevocably and forever and will not be resumed again at any time in the future. Accordingly, Oden promises to never reapply for or seek future employment with ELCO.

9. ELCO agrees to provide a neutral job reference consisting only of last position held and dates of employment for Oden in response to requests for references directed to Laura Wood, SVP, Director of Human Resources, ▓▓▓▓▓▓▓▓▓▓

10. Oden and his attorney warrant that Oden is not a Medicare beneficiary as of the date of this Agreement, and therefore no conditional payments have been made by Medicare.

11. Oden agrees that the covenants and promises made by him in this Agreement are in consideration for the covenants and promises made herein by ELCO. Oden agrees and acknowledges that this Agreement and the payments described in paragraph 6 above are subject to and conditioned upon the approval of the United States District Court for the Northern District of Alabama.

12. This Agreement shall be construed and governed in accordance with the laws of the State of Alabama.

13. Oden agrees that this Agreement supercedes all prior agreements between Oden and ELCO.

14. The Parties hereby acknowledge that their attorneys have participated in the preparation of this Settlement Agreement and Release. Oden further acknowledges that he has had a reasonable and fully adequate period of time in which to consider the Agreement and being duly advised by his counsel, hereby freely and voluntarily enters into this Settlement Agreement as evidenced by his signature on the date shown below.

_____   Date: 1/14/15
Rodarryl Oden

Counsel for Plaintiff hereby agrees as to form and content.

_____   Date: 1/21/15
Harwell Law Firm LLC
By: Scott Harwell/Owner