## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JEREMIHA GLASTER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Civil Action No.:** |
| ) | |
| **ELCO Landmark Residential** ) | **2:14-cv-00245–MHH** |
| **Management, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### MEMORANDUM OPINION

In this FLSA action, the parties have informed the Court that the defendant ELCO has reached settlement agreements with Jeremiha Glaster, Rodarryl Oden, and Yahaira Rodriguez. (Doc. 71). The parties initially filed a joint motion to seal the settlement agreements. (Doc. 66). The plaintiffs then filed a motion to approve the settlements. (Doc. 69). The Court held a hearing on February 3, 2015 to take up the parties' motions for approval of the settlements and the motion to seal. (Doc. 67). At the hearing, the parties agreed to seek approval of the settlement agreements not under seal, but with specific dollar-amounts and personal information redacted from the published agreements.[1] After reviewing the settlement agreements, the Court GRANTS the motion to approve the FLSA

---

[1] A transcript of the hearing is available upon request.

settlements.

**Discussion**

**A. The Fair Labor Standards Act**

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.' Among other requirements, the FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular wages." *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2162 (2012) (quoting *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981)); *see also* 29 U.S.C. §§ 202, 207(a). Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from 'the evil of 'overwork' as well as 'underpay.'" *Barrentine*, 450 U.S. at 739 (emphasis in original). In doing so, Congress sought to protect, "the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706 (1945)).

If an employee proves that his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29

U.S.C. § 216(b).  "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'"  *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex. Rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also O'Neil,* 324 U.S. at 707.  "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA."  *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim.  To compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Lynn's Food*, 679 F.2d at 1353; *see also Hogan*, 821 F. Supp. 2d at 1281–82.[2]  "[T]he parties requesting

---

[2] In *Lynn's Food*, the Eleventh Circuit Court of Appeals explained, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them.  An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages.  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under § 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  679 F.2d at 1352-53 (footnotes omitted).  The Eleventh Circuit recently reiterated the import of *Lynn's Food*.  *See Nall v. Mal–Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013).

review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). The information that the parties provide should also enable the Court "to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan*, 821 F. Supp. 2d at 1282. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then a court may approve a settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 Fed. Appx. at 351 (proposed settlement must be fair and reasonable).

### B. The Settlement Agreements

The Court finds the settlement of the plaintiffs' FLSA claims to be fair and reasonable resolutions of bona fide disputes. The joint motion to approve the settlements explains the issues that the parties dispute. (Doc. 71, ¶¶ 3–6). The parties also discussed at the hearing their extensive disagreements about the calculations of overtime hours and whether the statute of limitations might pose a hurdle to recovery for some plaintiffs if the case were to continue. (Hrg. Tr., pp. 7, 11, 13). Because many bona fide disputes remain, the Court will approve the

FLSA settlements if they are fair and reasonable. *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 Fed. Appx. at 351.

The FLSA settlement provisions and amounts are fair and reasonable for the three plaintiffs involved in this lawsuit. Mr. Glaster alleges that ELCO owes him $2,340.00 for overtime violations. (Doc. 71, ¶ 4). ELCO denies that it owes Mr. Glaster anything and also asserts that the maximum possible recovery he could achieve at trial is $1,926.00. (Doc. 71, ¶ 4). Mr. Oden alleges that ELCO owes him $14,355.00 in overtime compensation. (Doc. 71, ¶ 5). ELCO denies that it owes Mr. Oden anything and also asserts that the maximum possible recovery Mr. Oden could achieve at trial is $8,662.50. (Doc. 71, ¶ 5). Ms. Rodriguez alleges that ELCO owes her $13,312.50 in overtime compensation. (Doc. 71, ¶ 6). ELCO denies any liability and asserts that the most she could recover at trial is $4,500.00. (Doc. 71, ¶ 6). Based on the Court's consideration of the settlement amounts and the parties' bona fide disputes concerning the amount of overtime pay that ELCO allegedly owes the plaintiffs, the Court finds that the settlement amounts are fair and reasonable.

The settlement agreements in this case are atypical because they concern both FLSA claims and state-law claims. In typical FLSA settlements, absent a showing of good cause, the Court does not allow the parties to file sealed or redacted settlement agreements because omitting the agreements from the public

record can frustrate the goals of the FLSA.  *See, e.g.*, *Stalnaker*, 293 F. Supp. 2d at 1264 (quoting *O'Neil,* 324 U.S. at 706 (discussing the public interest behind the FLSA)).  In this case, the parties asked for permission to redact the settlement amounts from the settlement agreements because the total settlement payments resolve not only the plaintiffs' FLSA claims but their state law claims too.  Because the Court is satisfied the settlement agreements are fair and reasonable resolutions of bona fide disputes, the Court allowed the parties to file the agreements with the dollar amounts and other personal information redacted.

The confidentiality provisions of the agreements, (Doc. 71-1, pp. 5, 11, 16–17), and the claim-release provisions, (Doc. 71-1, pp. 3, 9, 15), also give the Court pause.  Ordinarily, the Court would not approve an FLSA settlement with broad release language or a confidentiality requirement that includes a liquidated-damages provision.  The Court makes an exception and approves those provisions in this case because the settlements cover state-law claims in addition to FLSA claims.

**Conclusion**

For the reasons stated above, the Court approves the parties' proposed settlement of the plaintiffs' FLSA claims.  The Court concludes that there is a bona fide dispute regarding the plaintiffs' FLSA claims, and the terms that the parties have negotiated constitute a fair and reasonable resolution of that dispute.  The

Court will enter a separate order dismissing with prejudice the FLSA and state law claims that plaintiffs Glaster, Oden, and Rodriguez assert against ELCO.

**DONE** and **ORDERED** this April 6, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE